IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY DORSEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-352 |
| WARDEN, | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Terry Dorsey's Complaint for Emergency Injunctive Relief (ECF No. 1) and Warden's Response to Show Cause Order (ECF No. 5), construed as a Motion for Summary Judgment (ECF No. 7). The pleadings are ripe for disposition. Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny Warden's Motion and direct Warden to submit additional documentation.

### I. BACKGROUND

Dorsey is an inmate currently incarcerated at the North Branch Correctional Institution ("NBCI"). On February 9, 2015, Dorsey filed correspondence alleging that he suffers from mental illness, that NBCI refuses to provide him mental health care, and that he is entertaining homicidal and suicidal ideations as a result. (ECF No. 1). The Court treated the correspondence as a Complaint for Emergency Injunctive Relief and directed Warden to file an expedited response. (ECF No. 2). Warden filed a Response to Show Cause Order on March 9, 2015. (ECF No. 5). Because the Response provided a substantive answer to the issues Dorsey raised in the Complaint and was accompanied by an affidavit, the Court construed the Response as a Motion for Summary Judgment. (ECF No. 7). The Court notified Dorsey that he may file a

Response to Warden's Motion for Summary Judgment with supporting materials. (ECF No. 8). On May 7, 2016, Dorsey filed a Response. (ECF No. 11).

Dorsey alleges in his Complaint that "this institution refuses to give me any psychiatric treatment even when I've been diagnosed as having schizophrenia and I believe bipolar disorder." Dorsey claims that in December of 2014, he informed a mental health provider he was thinking of killing his cellmate and was placed in a strip cell for an entire week while he received a test. After it was determined there was "nothing wrong" with him, he was placed back into the cell with the same inmate. In January 2015, Dorsey was placed in the general prison population. He claims he continued to have thoughts of harming others during this time. He disputes the assessment of NBCI mental health providers that he does not suffer from any mental illnesses and asserts they will not help him because of his past inappropriate behaviors in the presence of women. Dorsey requests injunctive relief of mental health treatment.

## II. DISCUSSION

A. **Standard of Review**

Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48. A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993).

**B. Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citing Furman v. Georgia, 408 U.S. 238, 392–93 (1972)). To state an Eighth

Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. Estelle, 429 U.S. at 106. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention, but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).

Here, Warden alleges Dorsey does not suffer from any mental illness, and that he is competent and responsible. (ECF No. 5-1). To support his argument, Warden filed a Declaration executed by Bruce Liller, the Mental Health Program Director at NBCI. Id. Liller declared that although Dorsey experiences periodic episodes of depression, a certain level of depression is normal in the context of imprisonment. Id. Liller further attested that Dorsey presents a desire to appear mentally ill in an attempt to absolve himself of personal responsibility in the event he should act out aggressively. Id. According to Liller, Dorsey participated in short term counseling with NBCI Social Work Department staff and his progress will be monitored by staff members. Id.

Dorsey filed a Response disputing Warden's arguments. (ECF No. 11). To support his argument, Dorsey filed a declaration stating he has been diagnosed with schizophrenia, chronic depression, and psychosis. Id. Dorsey also claimed he has been prescribed medications consistent with mental illness. Id. To support his declaration, Dorsey attached various

documents alleging the presence of mental illness.  Id.  Dorsey also attached a declaration executed by another inmate stating that on several occasions, he observed Dorsey talking to himself, the television, and rabbits during outside recreation.  Id.  The inmate also stated Dorsey is a risk to himself and his cellmates.  Id.

Dorsey's declarations and other exhibits create a genuine issue of material fact as to whether Dorsey is suffering from mental illness and is receiving adequate mental health treatment.  None of Dorsey's mental health records, recent or otherwise, have been provided by either party.  The record before the Court is currently insufficient to evaluate whether Dorsey's treatment, or lack thereof, warrants injunctive relief or otherwise amounts to a constitutional violation.  The Court, accordingly, directs Warden to submit all relevant medical documentation to refute or confirm Dorsey's allegations regarding the presence of mental illness and any medication Dorsey has received or is currently receiving related to mental illness.  Warden shall be granted thirty (30) days to file this additional information and to submit verified exhibits as appropriate.  Dorsey will be granted thirty (30) days thereafter to reply.

### III. CONCLUSION

For the foregoing reasons, Warden's Response to Show Cause Order (ECF No. 5), construed as a Motion for Summary Judgment (ECF No. 7), is DENIED.  The Court directs Warden to submit, under seal, all relevant medical documentation to refute or confirm Dorsey's allegations regarding the presence of mental illness and any medication Dorsey has received or is currently receiving related to mental illness within thirty (30) days.  If such a submission is not made, a scheduling order shall issue.  A separate Order follows.

Entered this 9th day of September, 2016.                               /s/
                                                                    _____
                                                                    George L. Russell, III
                                                                    United States District Judge